STATE OF ILLINOIS                 78

IN THE CIRCUIT COURT OF THE __TWENTIETH_____ JUDICIAL CIRCUIT
_____ST. CLAIR_____ COUNTY , ILLINOIS

STACEY STOTZ, as Executor of the
ESTATE OF BOBBY D. FILE, deceased,
and VIRGINIA A. FILE, individually,

      Plaintiffs,

                                                  19L0395
                                                No. _____

JABO SUPPLY CORPORATION and
GEORGE L. MOSLEY,

      Defendants.

## SUMMONS

**Issue Summons to the Sheriff of Union County, Kentucky to Serve Defendant, George L. Mosley at:**
~~TO EACH DEFENDANT:~~      962 SR 1508, Sturgis, KY 42459

      You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court _____ building, room _____ ,
_____ , Illinois, within 30 days after service of this summons,
     (Address)               (City)
not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

      This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

      This summons may not be served later than 30 days after its date.

                                            | EXHIBIT A |

WITNESS _____
              (Seal of Court)                   5/31/2019
                                        Clerk of Circuit Court
                                MYRTLE SHANNON
            By: _____
                             (Deputy)

**(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)**

Name __Troy E. Walton, #6274303_____

Attorney for __Plaintiff_____

Address __241 North Main Street_____

City __Edwardsville, IL 62025_____

Telephone __618.307.9880 - twalton@waltontelken.com____    Date of Service : _____

**SHERIFF'S FEES**

Service and return ................................................... $ _____

Miles _____ ........................................ $ _____

Total ............................................................................ $ _____

Sheriff of __Union County_____ County
Kentucky

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants -- personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of and exact street address) and the date and time of the day when the summons was left with the defendant.)

_____     _____

_____     _____

_____     _____

(b) – (Individual defendants – abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with such person.)

_____     _____

_____     _____

_____     _____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|---|---|---|
| | | |
| | | |
| | | |

(c) – (Corporation defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) -- (Other service):

_____

_____

_____, Sheriff of __Union_____ County

By: _____
(Deputy)

Electronically Filed
Kahalan A. Clay
Circuit Clerk
MYRTLE SHANNON
19L0395
St. Clair County
5/24/2019 3:49 PM
5188592

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| STACEY STOTZ, as Executor of the ESTATE OF BOBBY D. FILE, deceased, and VIRGINIA A. FILE, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>JABO SUPPLY CORPORATION,<br><br>**Issue Summons to Sheriff of Cabell County, West Virginia, to Serve:**<br>    Jack G. Bazemore, President,<br>    5164 Braley Road,<br>    Huntington, WV 25701,<br><br>    and<br><br>GEORGE L. MOSLEY,<br><br>**Issue Summons to Sheriff of Union County, Kentucky, to Serve At:**<br>    962 SR 1508,<br>    Sturgis, KY 42459,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.:  19L0395 _____ |

## COMPLAINT

COME NOW Plaintiffs, Stacey Stotz, as Executor of the Estate of Bobby D. File, deceased,

and Virginia A. File, individually, by and through their attorneys, Troy E. Walton and Adam W.

Bragee of Walton Telken, LLC., and Christopher B. Hantla of Hantla and Hantla, Ltd., and for

their Complaint against Defendants Jabo Supply Corporation and George L. Mosley, state as

follows:

## JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.      Plaintiff Stacey Stotz was and is an individual and a citizen of the State of Illinois and is the daughter and duly appointed Executor of the Estate of Bobby File, deceased. A copy of the Letters Testamentary appointing Stacey Stotz as Executor of the Estate of Bobby D. File, deceased, is attached hereto and incorporated herein as Exhibit 1.

2.      Plaintiff Virginia A. File was and is an individual and a citizen of the State of Illinois and is the surviving spouse of Bobby D. File, deceased.

3.      Upon information and belief, at all times relevant herein, Defendant George L. Mosley was and is an individual and a citizen of the State of Kentucky.

4.      Upon information and belief, at all times relevant herein, Defendant Jabo Supply Corporation was and is a West Virginia corporation duly organized and doing business under the laws of West Virginia, with its principal place of business located in the State of West Virginia.

5.      Venue in this matter is proper in the Circuit Court of St. Clair County, Illinois, pursuant to 735 ILCS 5/2-101 in that if all Defendants are nonresidents of the State, an action may be commenced in any county within the State of Illinois.

6.      At all times relevant herein, Defendant George L. Mosley was an employee of Defendant Jabo Supply Corporation and was acting in the course and scope of his employment.

7.      On or about May 1, 2018, at approximately 9:30 a.m., Bobby D. File was operating a motor vehicle on Illinois Highway 185, a two-lane highway, running east to west, near East Fork Township, Montgomery County, Illinois and traveling in a westerly direction.

8.      At the aforesaid date, time and location, Defendant George L. Mosley, while acting in the course and scope of his employment with Defendant Jabo Supply Corporation, was operating

Case No. _____

a semi-tractor trailer and was traveling in a westerly direction immediately in front of the vehicle being operated by Bobby D. File.

9.      At the aforesaid date, time and location, the semi-tractor trailer being operated by Defendant George L. Mosley traveled into the easterly (oncoming) lane of traffic and, without signaling, suddenly and unexpectedly made a right turn across the westerly lane of traffic and _ _ _ _ _ _ _ _ directly into the path of the vehicle being operated by Bobby D. File causing a collision.

10.     Such collision caused injuries to Virginia A. File and injuries to, and the death of, Bobby D. File.

<div align="center">

**COUNT I**
**(Estate of Bobby D. File – Wrongful Death v. Jabo Supply Corporation)**

</div>

COMES NOW Plaintiff Stacey Stotz, as the daughter and duly appointed Executor of the Estate of Bobby File, deceased, and for Count I of this Complaint against Defendant Jabo Supply Corporation (hereinafter "Defendant Jabo"), states as follows:

11.     Plaintiff realleges and incorporates the allegations in paragraphs 1 through 10 of the Jurisdictional and Factual Allegations of this Complaint as Paragraph 11 herein.

12.     At the aforesaid date, time and location, Defendant Jabo, by and through its agent, servant and/or employee, George L. Mosley, committed one or more of the following acts or omissions:

(a)     Negligently and carelessly failed to signal before making a turn in violation of 625 ILCS 5/11-804(a), (b) and/or (d);

(b)     Negligently and carelessly operated its vehicle with an inoperable turn signal in violation of 625 ILCS 5/12-208(c);

(c)     Negligently and carelessly operated its vehicle with an inoperable turn signal in violation of 49 CFR § 393.11;

(d)     Negligently and carelessly failed to stop, swerve, or otherwise maneuver its vehicle to avoid a collision in violation of 625 ILCS 5/11-601(a);

<div align="center">

Page 3 of 12

</div>

Case No. _____

(e)     Negligently and carelessly operated its vehicle without due regard for the safety of all persons in violation of 625 ILCS 5/11-601(a);

(f)     Negligently and carelessly failed to conduct a pre-trip inspection in violation of CFR 49 §§ 397.3 and 392.7;

(g)     Negligently and carelessly failed to keep a proper lookout; and/or

(h)     Negligently and carelessly failed to keep its vehicle under proper control.

13.     As a direct and proximate result of one or more of the foregoing negligent and careless acts or omissions on the part of Defendant Jabo, by and through its agent, servant and/or employee, George L. Mosley, Bobby D. File died on May 7, 2018.

14.     At the time of his death, Bobby D. File, left surviving him a wife, Virginia A. File and a daughter, Stacey Stotz, as next of kin who, by reason of decedent's death, have suffered substantial grief, sorrow and mental suffering and great pecuniary losses, including the loss of decedent's love, support, companionship, affection, and society and have been deprived of the valuable services that Bobby D. File, deceased, would have performed for them but for his death.

WHEREFORE, Plaintiff Stacey Stotz, as Executor of the Estate of Bobby D. File, deceased, prays for judgment against Defendant Jabo Supply Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which would reasonably and adequately compensate the next of kin of Bobby D. File, deceased, for the death of Bobby D. File, for the costs of this suit, and for such other and further relief as this Court deems just and proper.

## COUNT II
### (Estate of Bobby D. File – Wrongful Death v. George L. Mosley)

COMES NOW Plaintiff Stacey Stotz, as the daughter and duly appointed Executor of the Estate of Bobby D. File, deceased, and for Count II of this Complaint against Defendant George L. Mosley, states as follows:

Case No. _____

15.     Plaintiff realleges and incorporates the allegations in paragraphs 1 through 10 of the Jurisdictional and Factual Allegations of this Complaint as Paragraph 15 herein.

16.     At the aforesaid date, time and location, George L. Mosley committed one or more of the following acts or omissions:

(a)     Negligently and carelessly failed to signal before making a turn in violation of 625 ILCS 5/11-804(a), (b) and/or (d);

(b)     Negligently and carelessly operated his vehicle with an inoperable turn signal in violation of 625 ILCS 5/12-208(c);

(c)     Negligently and carelessly operated his vehicle with an inoperable turn signal in violation of 49 CFR § 393.11;

(d)     Negligently and carelessly failed to stop, swerve, or otherwise maneuver his vehicle to avoid a collision in violation of 625 ILCS 5/11-601(a);

(e)     Negligently and carelessly operated his vehicle without due regard for the safety of all persons in violation of 625 ILCS 5/11-601(a);

(f)     Negligently and carelessly failed to conduct a pre-trip inspection in violation of CFR 49 §§ 397.3 and 392.7;

(g)     Negligently and carelessly failed to keep a proper lookout; and/or

(h)     Negligently and carelessly failed to keep his vehicle under proper control.

17.     As a direct and proximate result of one or more of the foregoing negligent and careless acts or omissions on the part of Defendant George L. Mosley, Bobby D. File died on May 7, 2018.

18.     At the time of his death, Bobby D. File, left surviving him a wife, Virginia A. File and a daughter, Stacey Stotz, as next of kin who, by reason of decedent's death, have suffered substantial grief, sorrow and mental suffering and great pecuniary losses, including the loss of decedent's love, support, companionship, affection, and society and have been deprived of the valuable services that Bobby D. File, deceased, would have performed for them but for his death.

Case No. _____

WHEREFORE, Plaintiff Stacey Stotz, as Executor of the Estate of Bobby D. File, deceased, prays for judgment against Defendant George L. Mosley, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which would reasonably and adequately compensate the next of kin of Bobby D. File, deceased, for the death of Bobby D. File, for the costs of this suit, and for such other and further relief as this Court deems just and proper.

## COUNT III
### (Estate of Bobby D. File – Survival Action v. Jabo Supply Company)

COMES NOW Plaintiff Stacey Stotz, as the daughter and duly appointed Executor of the Estate of Bobby File, deceased, and for Count III of this Complaint against Defendant Jabo Supply Corporation (hereinafter "Defendant Jabo"), states as follows:

19.     Plaintiff realleges and incorporates the allegations in paragraphs 1 through 10 of the Jurisdictional and Factual Allegations of this Complaint as Paragraph 19 herein.

20.     At the aforesaid date, time and location, Defendant Jabo, by and through its agent, servant and/or employee, George L. Mosley, committed one or more of the following acts or omissions:

(a)     Negligently and carelessly failed to signal before making a turn in violation of 625 ILCS 5/11-804(a), (b) and/or (d);

(b)     Negligently and carelessly operated its vehicle with an inoperable turn signal in violation of 625 ILCS 5/12-208(c);

(c)     Negligently and carelessly operated its vehicle with an inoperable turn signal in violation of 49 CFR § 393.11;

(d)     Negligently and carelessly failed to stop, swerve, or otherwise maneuver its vehicle to avoid a collision in violation of 625 ILCS 5/11-601(a);

(e)     Negligently and carelessly operated its vehicle without due regard for the safety of all persons in violation of 625 ILCS 5/11-601(a);

(f)     Negligently and carelessly failed to conduct a pre-trip inspection in violation of CFR 49 §§ 397.3 and 392.7;

Case No. _____

(g)      Negligently and carelessly failed to keep a proper lookout; and/or

(h)      Negligently and carelessly failed to keep its vehicle under proper control.

21.      As a direct and proximate result of one or more of the foregoing negligent and careless acts or omissions on the part of Defendant Jabo, by and through its agent, servant and/or employee, George L. Mosley, Bobby D. File suffered severe and permanent injuries including, but not limited to, a collapsed lung, rib fractures, and chest pain, and was caused to suffer extreme mental and physical pain and anguish and incurred medical and other expenses up to the time of his death.

WHEREFORE, Plaintiff Stacey Stotz, as the daughter and duly appointed Executor of the Estate of Bobby File, deceased, prays for judgment against Defendant Jabo Supply Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00) which would reasonably and adequately compensate the Estate of Bobby D. File deceased, for the damages suffered by Bobby D. File, deceased, for the costs of this suit, and for such other and further relief as this Court deems just and proper.

<div align="center">

**COUNT IV**
**(Estate of Bobby D. File – Survival Action v. George L. Mosley)**

</div>

COMES NOW Plaintiff Stacey Stotz, as the daughter and duly appointed Executor of the Estate of Bobby File, deceased, and for Count IV of this Complaint against Defendant George L. Mosley, states as follows:

22.      Plaintiff realleges and incorporates the allegations in paragraphs 1 through 10 of the Jurisdictional and Factual Allegations of this Complaint as Paragraph 22 herein.

23.      At the aforesaid date, time and location, Defendant George L. Mosley committed one or more of the following acts or omissions:

<div align="center">

Page 7 of 12

</div>

Case No. _____

(a)      Negligently and carelessly failed to signal before making a turn in violation of 625 ILCS 5/11-804(a), (b) and/or (d);

(b)      Negligently and carelessly operated his vehicle with an inoperable turn signal in violation of 625 ILCS 5/12-208(c);

(c)      Negligently and carelessly operated his vehicle with an inoperable turn signal in violation of 49 CFR § 393.11;

(d)      Negligently and carelessly failed to stop, swerve, or otherwise maneuver his vehicle to avoid a collision in violation of 625 ILCS 5/11-601(a);

(e)      Negligently and carelessly operated his vehicle without due regard for the safety of all persons in violation of 625 ILCS 5/11-601(a);

(f)      Negligently and carelessly failed to conduct a pre-trip inspection in violation of CFR 49 §§ 397.3 and 392.7;

(g)      Negligently and carelessly failed to keep a proper lookout; and/or

(h)      Negligently and carelessly failed to keep his vehicle under proper control.

24.      As a direct and proximate result of one or more of the foregoing negligent and careless acts or omissions on the part of Defendant George L. Mosley, Bobby D. File suffered severe and permanent injuries including, but not limited to, a collapsed lung, rib fractures, and chest pain, and was caused to suffer extreme mental and physical pain and anguish and incurred medical and other expenses up to the time of his death.

WHEREFORE, Plaintiff Stacey Stotz, as the daughter and duly appointed Executor of the Estate of Bobby File, deceased, prays for judgment against Defendant George L. Mosley in an amount in excess of Fifty Thousand Dollars ($50,000.00) which would reasonably and adequately compensate the Estate of Bobby D. File deceased, for the damages suffered by Bobby D. File, deceased, for the costs of this suit, and for such other and further relief as this Court deems just and proper.

Case No. _____

## COUNT V
### (Virginia A. File – Negligence v. Jabo Supply Corporation)

COMES NOW Plaintiff Virginia A. File and for Count V of this Complaint against

Defendant Jabo Supply Corporation (hereinafter "Defendant Jabo"), states as follows:

25.     Plaintiff realleges and incorporates the allegations in paragraphs 1 through 10 of

the Jurisdictional and Factual Allegations of this Complaint as Paragraph 25 herein.

26.     At the aforesaid date, time and location, Defendant Jabo, by and through its agent,

servant and/or employee, George L. Mosley, committed one or more of the following acts or

omissions:

(a)     Negligently and carelessly failed to signal before making a turn in violation of 625
        ILCS 5/11-804(a), (b) and/or (d);

(b)     Negligently and carelessly operated its vehicle with an inoperable turn signal in
        violation of 625 ILCS 5/12-208(c);

(c)     Negligently and carelessly operated its vehicle with an inoperable turn signal in
        violation of 49 CFR § 393.11;

(d)     Negligently and carelessly failed to stop, swerve, or otherwise maneuver its vehicle
        to avoid a collision in violation of 625 ILCS 5/11-601(a);

(e)     Negligently and carelessly operated its vehicle without due regard for the safety of
        all persons in violation of 625 ILCS 5/11-601(a);

(f)     Negligently and carelessly failed to conduct a pre-trip inspection in violation of
        CFR 49 §§ 397.3 and 392.7;

(g)     Negligently and carelessly failed to keep a proper lookout; and/or

(h)     Negligently and carelessly failed to keep its vehicle under proper control.

27.     As a direct and proximate result of one or more of the foregoing negligent and

careless acts or omissions on the part of Defendant Jabo, by and through its agent, servant and/or

employee, George L. Mosley, Plaintiff Virginia A. File sustained severe and permanent injuries

both internally and externally, to numerous parts of her body, including a distal, radial and ulnar

Case No. _____

fracture of her left wrist, neck pain, vomiting and abdominal tenderness; she has in the past and

will in the future continue to suffer great pain and anguish; she has expended and will be compelled

to expend large sums of money for certain medical expenses for the treatment of said injuries and

will be compelled to expend large sums of money in the future for the treatment of her injuries.

WHEREFORE, Plaintiff Virginia A. File prays for judgment against Defendant Jabo

Supply Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00), for the costs

of this suit, and for such other and further relief as this Court deems just and proper.

## COUNT VI
### (Virginia A. File – Negligence v. George L. Mosley)

COMES NOW Plaintiff Virginia A. File and for Count VI of this Complaint against

Defendant George L. Mosley, states as follows:

28.     Plaintiff realleges and incorporates the allegations in paragraphs 1 through 10 of

the Jurisdictional and Factual Allegations of this Complaint as Paragraph 28 herein.

29.     At the aforesaid date, time and location, Defendant George L. Mosley committed

one or more of the following acts or omissions:

(a)     Negligently and carelessly failed to signal before making a turn in violation of 625 ILCS 5/11-804(a), (b) and/or (d);

(b)     Negligently and carelessly operated his vehicle with an inoperable turn signal in violation of 625 ILCS 5/12-208(c);

(c)     Negligently and carelessly operated his vehicle with an inoperable turn signal in violation of 49 CFR § 393.11;

(d)     Negligently and carelessly failed to stop, swerve, or otherwise maneuver his vehicle to avoid a collision in violation of 625 ILCS 5/11-601(a);

(e)     Negligently and carelessly operated his vehicle without due regard for the safety of all persons in violation of 625 ILCS 5/11-601(a);

(f)     Negligently and carelessly failed to conduct a pre-trip inspection in violation of CFR 49 §§ 397.3 and 392.7;

Case No. _____

(g)   Negligently and carelessly failed to keep a proper lookout; and/or

(h)   Negligently and carelessly failed to keep his vehicle under proper control.

30.   As a direct and proximate result of one or more of the foregoing negligent and careless acts or omissions on the part of Defendant Jabo, by and through its agent, servant and/or employee, George L. Mosley, Plaintiff Virginia A. File sustained severe and permanent injuries both internally and externally, to numerous parts of her body, including a distal, radial and ulnar fracture of her left wrist, neck pain, vomiting and abdominal tenderness; she has in the past and will in the future continue to suffer great pain and anguish; she has expended and will be compelled to expend large sums of money for certain medical expenses for the treatment of said injuries and will be compelled to expend large sums of money in the future for the treatment of her injuries.

WHEREFORE, Plaintiff Virginia A. File prays for judgment against Defendant George L. Mosley, in an amount in excess of Fifty Thousand Dollars ($50,000.00), for the costs of this suit, and for such other and further relief as this Court deems just and proper.

<div style="margin-left:40%">

Respectfully submitted,

WALTON TELKEN, LLC


By:  /s/Troy E. Walton_____
     TROY E. WALTON, #6274303
     ADAM W. BRAGEE, #6319053
     241 North Main Street
     Edwardsville, IL 62025
     618.307.9880 – Telephone
     618.307.9881 – Facsimile
     twalton@waltontelken.com
     abragee@waltontelken.com


and

</div>

Case No. _____

Case 3:19-cv-00751-SMY-RJD  Document 1-1  Filed 07/11/19  Page 14 of 15  Page ID #17

Christopher B. Hantla, #6629902
HANTLA & HANTLA, LTD.
413 North State Street
P.O. Box 69
Litchfield, IL 62056
217.324.6136 – Telephone
217.324.6644 – Facsimile
kit.hantla@hantlalaw.com

**Attorneys for Plaintiffs**

Page 12 of 12

Case No. _____

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY – IN PROBATE

In The Matter of the Estate of

Bobby File                     18-P-34

      Deceased

## LETTERS TESTAMENTARY

Know all men by these presents, STACEY STOTZ, has been appointed Executor of the

Estate of BOBBY FILE, who died on the 7th day of May, 2018 and is authorized to sue

for and collect the personal estate and debts due the decedent, and to perform all duties

imposed on her so far as there is property and the law charges her to; and to do all other

acts now or hereafter required of her by law.

WITNESS, August 21, 2018

                   **Holly Lemons**
                   (Clerk of the Circuit Court)

By:    **Alexandra Scott**
            (Deputy)

---

## CERTIFICATE

I hereby certify the within is a true copy and is still in full force and unrevoked.

Dated   *August 23 2018*

(Seal of Court)

         *Holly Lemons*
         (Clerk of the Circuit Court)

         *(signature)*
         (Deputy Circuit Clerk)

**EXHIBIT**

**1**